**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-03001 BKT** |
| | **Chapter 11** |
| **HACIENDA ANNA COFFEE ESTATE, INC.** | |
| | **FILED & ENTERED ON 3/19/2013** |
| **Debtor(s)** | |

**OPINION AND ORDER**

Before the court is Debtor's motion for reconsideration and requesting new trial on order lifting the automatic stay in favor of Puerto Rico Farm Credit, ACA (the "Reconsideration") (Dkt No. 105) and the opposition filed by Puerto Rico Farm Credit, ACA ("PR Farm Credit") (Dkt No. 109). For the reasons set forth below, the Reconsideration is denied.

**I.      Background**

On April 20, 2012, Debtor filed its voluntary petition under the provisions of chapter 11 of the Bankruptcy Code (Dkt No. 1). On November 2, 2012, PR Farm Credit filed a motion for relief from the automatic stay, for "cause", due to Debtor's failure to provide adequate protection under 11 U.S.C. § 362(d)(1), as well as Debtor's lack of compliance with 11 U.S.C. § 362(d)(3) (Dkt No. 69). PR Farm Credit filed a supplement to its motion for relief from the automatic stay on November 28, 2012 (Dkt No. 84). Along with its supplement, PR Farm Credit submitted an appraisal report dated April 1, 2012, of PR Farm Credit's collateral (Dkt No. 84). On December 11, 2012, Debtor replied to PR Farm Credit's supplemented motion for request to lift the stay (the "Reply") (Docket No. 90).

The final hearing on the motion to lift the stay was held on December 18, 2012. At the hearing Debtor attempted to present evidence of a new appraisal report. PR Farm Credit objected to

the presentation of such evidence because it had not been previously disclosed to PR Farm Credit or submitted to the Court. For this reason the court did not allow the presentation of the new evidence proposed by Debtor. Also, an expert witness for Debtor was purportedly scheduled to be available for the hearing, however, the expert witness never showed. Debtor's representative was also absent.

After considering the parties' positions at the final hearing for relief from stay, and affording Debtor with the opportunity to cross-examine PR Farm Credit's expert, the Court entered an order lifting the automatic stay in favor of PR Farm's Motion on December 26, 2012 (Dkt No. 101). On January 8, 2013, Debtor requested reconsideration of the order lifting the stay in favor of PR Farm Credit, and the scheduling of a new trial, pursuant to Fed. R. Civ. P. 59 and 60(b)(1)&(6), as made applicable to these proceedings by virtue of Fed. R. Bankr. P. 9023 and 9024.

In seeking reconsideration of the order lifting the stay and new trial, Debtor's allegations are twofold. First, Debtor asserts that PR Farm Credit's expert witness failed to comply with Rule 702 of the Federal Rules of Evidence by failing to apply the principles and methods reliably to the facts of the case. Second, Debtor ascribes to a purported "glitch" or "mistake of a technological deficiency" to excuse the fact that the proposed new appraisal report was never submitted to the court or provided to PR Farm Credit's counsel prior to the final hearing. (Dkt No. 105). Debtor prays for the court to reconsider its order lifting the stay and allow a new trial based on Debtor's inadvertence, mistake and excusable neglect which caused the "glitch" and failure to submit the new evidence prior to the final hearing. Debtor also contends that, in the interest of justice and fair trial, a rehearing should be allowed to rectify Debtor's objection to PR Farm Credit's expert testimony under Rule 702 of the Federal Rules of Evidence.

In its opposition, PR Farm Credit raises three main arguments. First, that Debtor failed to

establish any exceptional or extraordinary circumstances which merit reconsideration, and that the inadvertence, mistake and excusable neglect alleged by Debtor are attributable to the gross carelessness in the handling of the case.  Second, that Debtor was put on notice of the fact that the appraisal report was never submitted to the court at least five (5) days prior to the final hearing, and this was acknowledged by Debtor.  Still, the report was never submitted to the court or to PR Farm Credit at any point prior to the hearing.  Third, that the reconsideration is defective procedurally in two ways: (1) Debtor waived the argument that PR Farm Credit's expert witness failed to comply with Rule 702 of the Federal Rules of Evidence because this objection was not properly made at the hearing; and (2) the reconsideration fails to comply with Fed. R. Bankr. P. 7001(7) (by requesting the re-imposition of the automatic stay, Debtor is requesting an injunction or other equitable relief that should be brought through an adversary proceeding).

## II.     Discussion

### A.  The automatic stay

The automatic stay provides a debtor with breathing room from collection efforts, harassment, and foreclosure actions.  Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997); In re Rodriguez Camacho, 361 B.R. 294, 299 (1st Cir. BAP 2007).  It comes into being upon the commencement of a bankruptcy case and remains in force with respect to an act against property of the estate until such property is no longer property of the bankruptcy estate. 11 U.S.C. § 362 (a)&(c)(1).  See also, In re Rodriguez Camacho, supra.  On the request of a party, the automatic stay may be terminated, annulled, modified, or conditioned for cause, including lack of adequate protection of an interest in property.  11 U.S.C. § 362(d)(1).  Relief from an act against property may be granted if the debtor does not have equity in such property and such property is not

necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). "Relief from stay orders are final and, like other final orders, should not be set aside lightly." In re Rodriguez Camacho, supra (internal citations omitted).

**B. Altering or amending a judgment**

Fed. R. Bankr. P. 9023 provides, in part, as follows:
"A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶9023.07 (15th ed. rev.). In conformity with Fed. R. Civ. P. 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). Moreover, it is well settled that Rule 59(e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59(e) is not to be

used to reassert arguments and theories previously rejected by the Court. The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected). Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued. Id. (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey may not be used to argue a new legal theory." Id.

Debtor filed its motion for reconsideration and request for new trial within the 14 day time frame established under Fed. R. Bankr. P. 9023. Because Debtor seeks reconsideration and an opportunity for a new trial or a final hearing on the merits of the lifting of the automatic, rather than the re-imposition of the automatic stay, the court will treat this motion as a motion for new trial under Fed. R. Civ. P. 59, made applicable to these proceedings by virtue of Fed. R. Bankr. P. 9023. Thus, the court rejects PR Farm Credit's allegation that the remedy sought by Debtor must be brought through an adversary proceeding[1]. Still, the court agrees that Debtor has failed to establish any manifest error of law or fact or compelling newly discovered evidence which would merit the extraordinary remedy of reconsideration.

Upon an analysis of the documentary evidence submitted by the parties and the testimony

---

1 However, the United States Bankruptcy Appellate Panel for the First Circuit has ruled that nothing in section 362 of the bankruptcy code or in any other provision of bankruptcy code suggests that relief from stay orders are beyond relief under Rule 60(b). Thus, existing cause for relief under Rule 60(b), a court may reconsider its own order granting relief from stay. In re Rodriguez Camacho, p. 299-300.

offered at the hearing, the court concluded that the property in question had no equity. The court also resolved that PR Farm Credit's interest in the property was not adequately protected. Thus, PR Farm Credit's request for relief from the automatic stay was granted. The court finds unnecessary and superfluous a discussion of the arguments already considered and rejected during the final hearing on relief from the automatic stay.

In reconsideration, Debtor restricted its arguments to two: that the expert witness failed to comply with the rules of evidence and that Debtor's failure to submit the evidence prior to the hearing is attributable to excusable neglect, inadvertence or mistake. Debtor's first argument on reconsideration is flawed. The court finds that Debtor's failure to make a timely and proper objection at the hearing as to the admissibility of the evidence presented by the expert witness constitutes a waiver to raising the issue on reconsideration. Thus, the court declines to entertain the evidentiary issue because it was presented for the first time on reconsideration.

Debtor also failed to reveal a manifest error of law, failed to establish an intervening change of controlling law or present newly discovered evidence, failed to establish the need to correct a clear error by the court or to prevent a manifest injustice, and failed to present any exceptional or extraordinary circumstances which would justify reconsideration. The court concludes that Debtors' grounds for reconsideration under Fed. R. Civ. P. 59 are, thus, unsupported and that the granting of relief from the automatic stay was appropriate in this case. The second argument of the reconsideration falls under Fed. R. Civ. P. 60, which the court addresses below.

**C. Relief from a Judgment or Order**

Debtor's request for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60 is similarly flawed. Rule 60 affords six categories or grounds on which to base a motion seeking relief from a

final judgment, order, or proceeding.  Particularly, Debtor proffers that the order granting the relief from stay should be vacated under the inadvertence, mistake and excusable neglect standard of Rule 60(b)(1).  Debtor also asserts that said order should be vacated for any other reasons that justifies relief under Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud.  10 Collier on Bankruptcy ¶9024.03 (15th ed. rev.).  "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1).  Rule 60(b)(6) permits relief "for any other reason that justifies relief."  Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly.  Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002).  Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief.  In re Rodriguez Camacho, supra (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)).  A party who seeks relief under Rule 60(b) must persuade the Court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.  Rodriguez Camacho, supra (citing Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002)).  Except for the timeliness of Debtor's motion for relief, none of the above factors have been demonstrated.

Debtor has failed to allege details showing inadvertence, mistake and excusable neglect. Likewise, no exceptional circumstances exist to justify an extraordinary relief under Rule 60(b).

**III.    Conclusion**

Absent a showing of a clearly erroneous determination by this court, or a showing of exceptional circumstances, a manifest injustice or error of law that warrants reconsideration, Debtor's request for reconsideration of the order lifting the automatic stay and for new trial is DENIED.

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration and new trial shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 19th day of March, 2013.

Brian K. Tester
U.S. Bankruptcy Judge